**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TYRONE MASSEY,

                  Plaintiff,

     -v-

CAPTAIN MARCELA SAPP, C.O. JESUS
MARMOLEJOS SHIELD #19598, C.O. KOURTNEY
TALTON SHIELD #19156, AND CITY OF NEW
YORK,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

  :
  :
  :
  :     MEMORANDUM DECISION
  :         AND ORDER
  :
  :     19 Civ. 11902 (GBD) (KNF)
  :
  :
  :
  :
  :
  :

GEORGE B. DANIELS, United States District Judge:

       *Pro se* Plaintiff Tyrone Massey brings this action pursuant to 42 U.S.C. § 1983

against Defendants New York City Department of Correction ("DOC") Captain Marcela Sapp,

DOC Corrections Officer Jesus Marmolejos, DOC Corrections Officer Kourtney Talton, and the

City of New York (collectively, "Defendants"). (*See* First Amended Complaint ("FAC"), ECF

No. 35, at 1.)  Defendants move to dismiss Plaintiff's FAC on the grounds that his claims are

barred by the Prison Litigation Reform Act ("PLRA") and fail to state a claim for relief. (Notice

of Mot., ECF No. 45, at 1.)

       Before this Court is Magistrate Judge Kevin Nathaniel Fox's June 11, 2021 Report and

Recommendation (the "Report"), recommending that Defendants' motion to dismiss be denied.[1]

(Report, ECF No. 66, at 13.)

       Magistrate Judge Fox advised the parties that failure to file timely objections to the Report

would constitute a waiver of those objections on appeal. (*Id.* at 14.)  Defendants filed timely

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is
incorporated by reference herein.

objections on June 25, 2021.  (Defs. Objs. to R. & R, ECF No. 67.)  Subsequently, on February 11, 2021, Plaintiff filed a response to Defendants' objections.  (Pl.'s Resp. to Defs' Objs. to R. & R., ECF No. 68.)

Upon *de novo* review of Magistrate Judge Fox's Report, Defendants' objections, and Plaintiff's response, this Court declines to adopt the Report's recommendation.  Accordingly, the Defendants' motion to dismiss is GRANTED and the FAC is dismissed with prejudice.

## I.   LEGAL STANDARD

### A.  Report and Recommendation

A court may accept, reject or modify, in whole or in part, the findings and recommendations set forth within a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(C).  "Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990).  The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects.  28 U.S.C. § 636(b)(1)(C)(2009). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980).  Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted).  The clear error standard also applies if a party's "objections are improper— because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3

(S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

"A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## B. Rule 12(b)(6) Failure to State a Claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must demonstrate "more than a sheer possibility that a defendant has acted unlawfully"; stating a facially plausible claim requires the plaintiff to plead facts that enable the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations pled must therefore "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). A district court must first review a plaintiff's complaint to identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. The court then considers whether the plaintiff's remaining well-pleaded factual allegations, assumed to be true, "plausibly give rise to an entitlement to relief." *Id.*; *see also Targum v. Citrin Cooperman & Co.*, No. 12 Civ. 6909 (SAS), 2013 WL 6087400, at *3 (S.D.N.Y. Nov. 19, 2013). In deciding the 12(b)(6) motion, the court must also draw all reasonable inferences in the non-moving party's favor. *See N.J. Carpenters Health Fund v. Royal Bank of Scot. Grp., PLC*, 709 F.3d 109, 119–20 (2d Cir. 2013).

**C. *Pro Se* Plaintiffs.**

Submissions of *pro se* litigants are read liberally and interpreted to "raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). Courts must also "afford *pro se* plaintiffs 'special solicitude' before granting motions to dismiss or motions for summary judgment." *Quadir v. N.Y. State Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (quoting *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994)).

**D. Exhaustion of Claims under the PLRA**

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Exhaustion is 'mandatory' and 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes,'" or allege excessive force, the denial of adequate medical care, or some other wrong. *Hernandez v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 524 (2002)). In addition, the PLRA requires "proper exhaustion" of administrative remedies, "meaning exhaustion in 'compliance with an agency's deadlines and other critical procedural rules.'" *Lucente v. County of Suffolk*, 980 F.3d 284, 311 (2d Cir. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006)).[2]

---

[2] This Court takes judicial notice of the DOC Inmate Grievance Resolution Program ("IGRP"). *See Sanders v. Cty. of N.Y.*, No. 16cv7246 (PGG), 2018 WL 3117508, at *4 n.1 (S.D.N.Y. June 25, 2018) ("It is a common practice in this District to take judicial notice of the version of the IGRP in effect at the time of the events giving rise to [a prisoner's] claim." (internal quotation marks omitted)). As Directive 3376R-A was in effect on December 7-8, 2019, it is the governing grievance procedure in this action. *See* https://www1.nyc.gov/assets/doc/downloads/directives/Directive_3376R-A.pdf (accessed Sept. 22, 2021).

Failure to exhaust is an affirmative defense under the PLRA, and a plaintiff is not required to specially plead or demonstrate exhaustion in a complaint. *Jones v. Bock*, 549 U.S. 199, 211 (2007). While the failure to exhaust administrative remedies will bar a plaintiff from bringing a claim, a plaintiff's failure to plead administrative exhaustion does not. *Genao v. City of New York*, No. 20-CV-2441 (LJL), 2021 WL 2111817, at *3 (S.D.N.Y. May 25, 2021). As is the case with other affirmative defenses, however, "dismissal may be granted at the pleading stage for failure to exhaust if the defense 'appears on the face of the complaint.'" *Antrobus v. Warden of GRVC*, No. 11cv5128 (JMF), 2012 WL 1900542, at *2 (S.D.N.Y. May 25, 2012) (quoting *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir. 1988)); Since prisoners are not required to plead compliance with prison grievance procedures in their complaints, courts in this Circuit have denied motions to dismiss based on exhaustion where ambiguity exists as to whether a plaintiff exhausted his administrative remedies. *See Rodriguez v. Warden, Metro. Corr. Facility*, No. 13 CIV. 3643 PAC SN, 2015 WL 857817, at *3 (S.D.N.Y. Feb. 27, 2015). Thus, "courts in this District routinely grant motions to dismiss where a plaintiff's non-exhaustion is clear from the face of the complaint." *Hickman v. Cty. of N.Y.*, No. 20cv4699 (RA) (OTW), 2021 WL 3604786, at *2 (S.D.N.Y. Aug. 12, 2021) (compiling cases).

Finally, the PLRA carves out a narrow exception to the exhaustion requirement. A failure to exhaust can be excused if administrative remedies are unavailable. *Whittington v. Ponte*, No. 16-CV-1152 (AJN), 2020 WL 2750372, at *8 (S.D.N.Y. May 27, 2020). In *Ross v. Blake*, the Supreme Court outlined three circumstances where administrative remedies may be unavailable:

First, . . . an administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end with officers unable or consistently unwilling to provide any relief to aggrieved inmates. . . . Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. In this situation, some mechanism exists to provide

5

relief, but no ordinary prisoner can discern or navigate it. . . . And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.

*Ross v. Blake*, 136 S. Ct. 1850, 1859-60 (2016). The Second Circuit has since reasoned that "[t]he test for deciding whether the ordinary grievance procedures were available must be an objective one: that is, would 'a similarly situated individual of ordinary firmness' have deemed them available." *Lucente*, 980 F.3d at 311-12 (quoting *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004)).

## II.   DEFENDANTS' MOTION TO DISMISS IS GRANTED FOR FAILURE TO EXHAUSE ADMINISTRATIVE REMEDIES

Defendants object to Magistrate Judge Fox's recommendation that the Court deny their motion to dismiss for failure to exhaust administrative remedies. (Defs. Obj. to R. & R., ECF No. 67 at 2-5.) Specifically, Defendants assert that the Report misinterpreted their motion and improperly applied the law regarding exhaustion and unavailability of administrative remedies. (*Id.*) This Court's reviews those objections *de novo*.

### A.  Non-Exhaustion is Clear from the Face of the Complaint

Defendants object to the Report's interpretation of their motion as asserting a "factual allegation" that Plaintiff failed to exhaust his available remedies. (Defs. Obj. to R. & R. at 2-3.) According to Defendants, non-exhaustion was clear from the face of the complaint. (*Id.*; Defs. Mo. to Dismiss.) The Defendants are correct. In his FAC, Plaintiff writes: "I did not file a grievance because a staff complaint which is this is not subject to grievance procedure." (FAC at 5). Further, while Plaintiff attaches multiple completed grievance forms to his Opposition, none of the forms relate to the December 2019 fire that Plaintiff complains of in the FAC. (P.'s Opp. to Defs. Mo. to Dismiss at 21-32.) Thus, from the face of the FAC (and supported by Plaintiff's Opposition), Plaintiff did not exhaust his administrative remedies. *See Hickman*, 2021 WL

3604786, at *3 ("[T]he Complaint makes apparent that [plaintiff] did not properly follow the available administrative grievance process . . . [plaintiff] acknowledges that he did not file any grievance at [the facility] . . . His claims must therefore be dismissed for failure to exhaust.") The Report correctly concludes that Plaintiff was not required to plead exhaustion. However, since the failure to exhaust was unambiguous from the face of the FAC and Plaintiff's Opposition, the FAC must be dismissed for failure to exhaust.

### B. Non-Exhaustion is Not Excused Due to Unavailability

Defendants also object to the Report's conclusion regarding the unavailability of administrative remedies. (Defs. Obj. to R. & R. at 4.) The Report—citing *Jones v. Block*, 549 U.S. 199 (2007) and *Geano v. City of New York*, No. 20-CV-2441 (LJL), 2021 WL 2111817 (S.D.N.Y. May 25, 2021)—concludes that, since Plaintiff was not required to plead the exhaustion of administrative remedies, he was similarly not required to plead their unavailability. (Report at 11.) Defendants argue that "courts in this Circuit have dismissed complaints at the 12(b)(6) stage which fail to sufficiently allege facts from which the court could infer that an administrative grievance procedure was 'unavailable.'" (Defs. Obj. to R. & R. at 4.)

While *Jones* and *Genao* conclude that plaintiffs are not required to plead exhaustion, neither case held that when, as in this case, non-exhaustion is clear from the face of the complaint, a complaint cannot be dismissed because plaintiff is required to allege unavailability. *See Jones*, 549 U.S. at 219 ("We do not determine whether the grievances filed by petitioners satisfied the requirement of "proper exhaustion," . . . but simply conclude that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."); *Genao*, 2021 WL 2111817 at *3 ("Since defendants are making a factual allegation that Plaintiff failed to exhaust, *which is not supported by the face of the complaint*, Rule 12(b)(6) is not the proper vehicle

for their claim and the complaint cannot be dismissed on that basis.") (emphasis added). Here, Plaintiff has not sufficiently demonstrated unavailability as an excuse for his failure to exhaust. Construing Plaintiff's FAC and Opposition liberally, Plaintiff alleges that the grievance process was unavailable because (1) he feared "intimidation" and "retaliation" from prison officials (2) the process "operated as a dead end" and (3) the staff complaints he made were not subject to the grievance process. (FAC at 4-6.)

First, an inmate's generalized fear of retaliation is insufficient to excuse a failure to exhaust. Compare *Little v. Mun. Corp. Cty. of N.Y.*, No. 12 cv 5851 (KMK), 2017 WL 1184326, at \*11-12 (S.D.N.Y. Mar. 29, 2017) (granting motion to dismiss where, although plaintiff's complaint stated that he "did not exhaust [his] administrative remed[ies] [due to] a fear of retaliation from [DOC] officers," that statement merely constituted a "generalized fear of retaliation" that was "insufficient to excuse his failure to exhaust"), and *Brown v. Napoli*, 687 F. Supp. 2d 295, 297-98 (W.D.N.Y. 2009) (finding the plaintiff failed to allege any facts to support his claimed fear of retaliation where complaint stated that the plaintiff did not file a grievance due to his "[f]ear for [his] personal safety and retaliation by correctional staff") with *Wing v. Myers*, No. 18-CV-11056 (KMK), 2019 WL 6732967, at \*5 (S.D.N.Y. Dec. 11, 2019) (denying motion to dismiss where Plaintiff "received a specific threat that appeared to be related to the . . . attack, as he was allegedly told that he would get beat up 'again' if he filed a grievance."). Here, while Plaintiff describes C.O. taunts and name calling during the December 2019 fire, Plaintiff does not identify any specific threat he received about filing a grievance for the incident. He also does not specify any conduct he endured which prevented him from filing the grievance. His allegations fit squarely within court interpretations of a generalized fear of retaliation, and are insufficient to excuse his failure to exhaust.

8

Second, Plaintiff cannot claim that the grievance procedure operates as dead end. With respect to other grievances he filed, ("Out of about 40 plus 311 complaints I would say I only [sic] been notified by N.Y.C.D.O.C prison administrators only on about 5 occasions [sic] only to the extent of someone asked me to provide written or recorded statement.") (P.'s Opp. to Defs. Mo. to Dismiss at 7), receiving no response on previous grievances is insufficient to show that a grievance procedure amounted to a dead end. *Mena v. City of New York*, No. 13-CV-2430 (RJS), 2016 WL 3948100, at *4 (S.D.N.Y. July 19, 2016). Failure to take an available administrative appeal, even when the initial grievance received no response, constitutes a failure to exhaust available remedies. *Id.* (citing *Garvin v. Rivera*, No. 13-CV-7054 RJS, 2015 WL 3999180, at *3 (S.D.N.Y. June 29, 2015)).

Finally, the FAC implies that Plaintiff did not file a grievance about the December 2019 fire because it would have been a staff complaint and not subject to the grievance procedure. Plaintiff attaches a DOC form to his opposition which details the grievance submission and appeals process and lists the categories of complaints and concerns "not subject to the grievance process". (P.'s Opp. to Defs. Mo. to Dismiss at 12.) A "staff complaint" is included on this list. (*Id.*); *see also* NYC DOC Directive 3376R-A §II (6) ("Staff Discipline. Requests for the removal of a Department employee from an assignment, or the censure, discipline, or termination of a Department employee, are not subject to the OCGS [Office of Constituent and Grievance Services] process. The grievance, including any substantive issue that prompted such a complaint, shall otherwise be processed in the ordinary course as described in this Directive. OCGS staff shall forward the complaint seeking discipline of staff to the staff member's Commanding Officer (General Facility Response-Facility Group) via Service Desk.").

9

However, "[t]he *substantive* issues underlying grievances requesting [staff] discipline are subject to the IGRP process." *Taylor v. New York City Dep't of Corr.*, 849 F. App'x 5, 9 (2d Cir. 2021) (emphasis added). Here, the substantive issues underlying Plaintiff's complaint about the December 2019 fire are Eighth Amendment violations for cruel and unusual punishment (presumably from the cell fire) and deliberate indifference to medical needs. (FAC at 4.) Those grievances are subject to the IGRP. *See* NYC DOC Directive 3376R-A §III (H) (3), (6), (7), (8). Plaintiff has not shown that his clear failure to exhaust the administrative remedies was excusable under the PLRA.[3] Thus, the FAC is dismissed with prejudice.

## III.    DISMISSAL WITH PREJUDICE

"[W]here exhaustion was required but administrative remedies have become unavailable after the prisoner had ample opportunity to use them and no special circumstances justified failure to exhaust"—dismissal with prejudice is required. *Berry v. Kerik*, 366 F.3d 85, 88 (2d Cir. 2004). According to the IGRP, DOC staff may grant an extension to file a grievance no more than ten days from the alleged incident. *See* IGRP § XI(B)(1). Since it has been nearly two years since the December 2019 fire, Plaintiff's failure to exhaust is incurable and dismissal with prejudice is appropriate.

---

[3] Since the Court dismisses Plaintiff's FAC on procedural grounds, it need not evaluate whether the FAC otherwise plausibly alleges a violation of Plaintiff's constitutional rights.

10

## IV.    CONCLUSION

Defendants' motion to dismiss Plaintiff's complaint, (ECF No. 45), is GRANTED.   The

Clerk of Court is directed to close that motion accordingly.


Dated: New York, New York
       September 29, 2021

                                        SO ORDERED.

                                        *George B. Daniels*

                                        GEORGE B. DANIELS
                                        United States District Judge

11